We must not depart from the settled rules of law to avoid an inconvenience in a particular case. It is better for the individual to suffer that inconvenience than that the public should suffer a general mischief by having the rules of law rendered arbitrary and uncertain. The rule of law is well known, that an omission on the part of the executor or administrator to plead want of assets is a confession of them, so that he can never afterwards be permitted to say he had no assets to satisfy that demand. The proper judgment in such case is to be levied de bonistestatoris; for the law will not presume there are no assets when admitted by the executor that there are, until it shall appear upon the return of the officer. Godd., 199, secs. 7 and 8. The costs of the first judgment are to be levied de bonis propriis, because, having assets of the deceased in his hands, he ought therewith to have satisfied the debt, and not have incurred the costs of a suit, which as they must *Page 167 
necessarily be paid by some one, now the suit has been commenced, are justly charged upon him who hath occasioned them, and not on the estate of the intestate; and therefore in such case the true method of entering the judgment is this, the principal to be levied de bonis testatoris, and the costs amounting to so much, to be levied de bonis propriis. And the judgment to have execution de bonis propriis for the principal is always a subsequent judgment, founded upon the sci. fa. This judgment was therefore well entered and this sci. fa. well brought upon the return the sheriff hath made, and the plaintiff must have judgment according to the sci. fa. And he had judgment accordingly. (220)Vide Office Exec., 165 to 172.
See post, 298.
Cited: Lewis v. Fagan, 13 N.C. 301; King v. Howard, 15 N.C. 583.